******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., concurring. I concur in the result because I agree with the majority that the Board of Representatives properly reached the merits of the zoning amendment, and, thus, the matter should be remanded to the trial court to consider the plaintiff's claims regarding that decision. I also agree with the majority that the Stamford Charter delegates authority to the Zoning Board of the City of Stamford to validate a protest petition before referring it to the Board of Representatives. However, as in my dissenting opinion in the companion case we also decide today; see *Strand/ BRC Group, LLC* v. *Board of Representatives*, 342 Conn. 365, 390,      A.3d      (2022) (*D'Auria, J.*, dissenting); which I incorporate by reference, I do not agree that the Board of Representatives' proper exercise of authority hinges on whether it was presented with what the majority declares to be a "valid" protest petition. The majority concludes that, unlike the situation in *Strand/ BRC Group, LLC*, the protest petition in this case contained the requisite number of signatures, and, therefore, the Board of Representatives properly considered the merits of the amendment. As I discussed in detail in *Strand/BRC Group, LLC*, I take issue with the majority's holding for two reasons. First, I believe that the Board of Representatives' exercise of authority on the merits of an amendment does not depend on the validity of the protest petition because the signature provision is directory, not mandatory. Second, I believe that, because the plaintiff has no vested right in a particular legislative outcome, the court should refrain from intervening in the local legislative process undertaken by the Board of Representatives, such as by examining how signatures in the petition were counted. Accordingly, I respectfully concur.